[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13984

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARD BARRETT DALE WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00244-PGB-LRH-1

_____

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Richard Walker appeals his sentence of 65 months' imprisonment, an upward variance from his Guidelines range of 41 to 51 months' imprisonment, imposed for the offenses of wire fraud and bank fraud. Walker contends the district court abused its discretion in varying upward from his Guidelines range and specifically challenges the district court's decision to vary upward based on its purported belief the Government should have charged him with aggravated identity theft. After review,[1] we affirm.

A district court abuses its discretion and imposes a substantively unreasonable sentence only if it (1) fails to consider relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). "[We] commit[] to the sound discretion of the district court the weight to be

---

[1] We review the reasonableness of a sentence, whether inside or outside of the Guidelines range, for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). When reviewing for substantive reasonableness, we consider the totality of the circumstances. *Id.* The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

accorded to each § 3553(a) factor."[2]    *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015).  We will vacate a district court's sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" as evidenced by a sentence "outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted).

We do not presume that a sentence outside the Guidelines range is unreasonable, and we give deference to the district court's decision that the § 3553(a) factors support its chosen sentence. *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (*en banc*). "In reviewing the substantive reasonableness of a sentence imposed outside the guideline range, we may take the degree of variance into account and consider the extent of a deviation from the guidelines." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir.

---

[2] Section 3553(a)'s "overarching" instruction is that any sentence must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); 18 U.S.C. § 3553(a).  These purposes include the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the applicable Guidelines range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to any of the defendant's victims. *Id.* § 3553(a)(1), (3)-(7).

2021). "The district court may vary upward based on conduct that was already considered in calculating the guideline range." *Id.* Furthermore, "a sentencing court may impose an upward variance based upon uncharged conduct as it relates to the history and characteristics of the defendant, as well as the need to promote respect for the law, afford adequate deterrence, and protect the public." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

Walker's sentence is substantively reasonable because the court properly weighed the § 3553(a) factors. In balancing the § 3553(a) factors, the court specifically noted, as to the seriousness of the offense, that Walker had abused a position of trust, used sophisticated means, took measures to conceal the offense, took advantage of a familial relationship, continued to steal from a family member for four years, stole a considerable amount of money during those four years, and only stopped after his offense was detected. 18 U.S.C. § 3553(a)(2). The court also specifically noted that, while Walker claimed to have accepted responsibility, he had not paid towards any restitution in the two years since his crimes had been detected. While the court noted each forged check constituted aggravated identity theft, the court properly considered uncharged conduct as part of the § 3553(a) factors. *See Butler*, 39 F.4th at 1355. The record does not show the court gave more weight to the uncharged conduct than to any of the other factors it discussed, as the statement of reasons states the upward variance was based on the Guidelines failure to consider the abuse of trust in a personal relationship and repetitive nature of the offense. Even

if the court gave considerable weight to the uncharged conduct, this Court commits the weight of each § 3553(a) factor to the district court.  *Perkins*, 787 F.3d at 1342; *Butler*, 39 F.4th at 1355-56. Further, the sentence was well below the statutory maximum of 20 years for wire fraud and 30 years for bank fraud.  18 U.S.C. §§ 1343, 1344; *Goldman*, 953 F.3d at 1222 (explaining one indicator of reasonableness is whether the sentence falls well below the maximum penalty).  Accordingly, we affirm.

**AFFIRMED.**