[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12585

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEVEN SHERWOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cr-00055-TES-CHW-1

_____

Before BRANCH, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Sherwood appeals his above-guidelines sentence of 72 months' imprisonment imposed after he pleaded guilty to possession of a firearm by a convicted felon. He argues that the sentence is substantively unreasonable. After review, we affirm.

## I.     Background

In August 2020, police pulled Sherwood over for failing to come to a complete stop at a stop sign. Sherwood did not have car insurance, and the police informed him that his car would be towed. During the inventory search of the vehicle, police discovered a marijuana grinder, a glass jar containing marijuana and methamphetamine powder, a perfume bottle, "a Swisher Sweet blunt pack," 109 tablets (some of which later tested positive for being methamphetamine), digital scales, and "packaging materials." When officers went to arrest Sherwood, he attempted to flee, and was apprehended after a brief physical struggle with officers. Officers discovered a loaded gun on Sherwood's person. Sherwood later commented during booking that he was a convicted felon.

A grand jury charged Sherwood with possession with intent to distribute methamphetamine (Count 1), possession of a firearm during a drug-trafficking crime (Count 2), and possession of a firearm by a convicted felon (Count 3). Sherwood pleaded guilty to possession of a firearm by a convicted felon, pursuant to a

written plea agreement, and the government agreed to dismiss the remaining counts.

Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSI"), which revealed that Sherwood, then age 39, had a criminal history dating back to the age of 17 involving drugs and firearms, and some of this history did not score criminal history points due to the age of the offenses.[1]  Sherwood's resulting guidelines range was 46 to 57 months' imprisonment, and he faced a statutory maximum of 10 years' imprisonment.  Finally, the Probation Office noted that "factors [were] present that would [ordinarily] warrant an upward variance," namely, that Sherwood "ha[d] demonstrated a pattern of similar/identical criminal conduct."  In particular, the probation officer highlighted Sherwood's "prior federal conviction for Felon in Possession of a Firearm and Using and Carrying a Firearm During and In Relation to a Drug Trafficking Crime" and explained that

> [h]ad Sherwood's term of supervised release not been
> terminated early he would have been assessed two

---

[1] Sherwood had the following convictions:  (1) 1999—(age 17)—distribution of cocaine, which scored zero criminal history points; (2) 2000—(age 18)—possession of marijuana, which scored zero criminal history points; (3) 2002—(age 20)—possession of crack cocaine, which scored zero criminal history points; (4) 2004—age 22—felon in possession of a firearm and using and carrying a firearm in relation to a drug-trafficking crime, which scored three criminal history points; and (4) 2018—(age 35)—possession of ecstasy, which scored one criminal history point.

> additional criminal history points.  It [was] further noted, [that] Sherwood ha[d] two previous felony convictions, Distribution of Cocaine and Possession [of] Crack Cocaine.  Both of these offenses [were] not counted but related to similar offense/conduct of the instant offense.

(sixth alteration in original).

Sherwood objected to the probation officer's assertion that an upward variance might be warranted, arguing that the guidelines range accurately represented his criminal history.  Furthermore, he maintained that, even if he had been assessed the two additional criminal history points highlighted by the probation officer, his criminal history category would have remained the same (Category III).  In response, the probation officer maintained her position that an upward variance might be warranted, reasoning as follows:

> Sherwood has demonstrated through habitual convictions that there has been no adequate deterrence for future criminal conduct.  This is Sherwood's second federal offense, and the conduct of both convictions are similar.  As noted in the instant offense, Sherwood was found with a firearm in addition to a large quantity of methamphetamine and marijuana. When law enforcement attempted to arrest Sherwood, he failed to comply.  His conduct resulted in one law enforcement officer being transported to the hospital for injuries.  Although Sherwood's Criminal History Category reflects prior

sentences, it does not reflect the nature of the offenses, pattern of conduct, or other characteristics not otherwise captured in criminal history calculation(s). The Court, in *United States v. Mathis*, No. 20-14819, 2021 WL 4912459 (11th Cir. Oct. 21, 2021) upheld an upward variance from the guideline sentencing range due to a defendant's criminal history to include the fact the defendant had been previously convicted [federally] of a similar offense.

(alteration in original).

At sentencing, Sherwood's counsel reiterated that the guidelines range accounted adequately for Sherwood's criminal history, and, therefore a within-guidelines sentence was appropriate.

The government, in turn, argued that although the facts of the underlying offense were "relatively vanilla," the district court should vary upward from the guidelines range because of Sherwood's criminal history. The government pointed out that Sherwood was not on probation or supervised release at the time of the present offense only because the court had terminated his supervision early in large part because Sherwood had become a "problem for supervision" and had "refused to comply." The government argued that, considering this fact in conjunction with Sherwood's lengthy criminal history for the same variety of offenses, an upward variance was appropriate in light of the sentencing factors in 18 U.S.C. § 3553(a). The government maintained that an above-guidelines sentence was necessary to

achieve deterrence in this case and because Sherwood had demonstrated that he was "unable and unwilling to comply" with supervised release conditions and continued to engage in "unrepentant conduct."

Sherwood's counsel then emphasized that two of Sherwood's prior convictions from when he was younger involved very small amounts of drugs and his other prior convictions all centered around drug possession, which indicated that Sherwood had a drug addiction problem, not that he was a distributor of drugs. She acknowledged that the same could not be said for the amount of drugs found in Sherwood's possession in the present case, but nevertheless maintained that a within-guidelines sentence was appropriate.

Sherwood then made a statement to the court that he had "learned [his] lesson" and that he had "tr[ied] [his] best to stay out of trouble" and "just . . . got caught up in the unfortunate circumstance." He stated that with "COVID-19 and everything going on at [that] time" he had "made some bad decisions," and he asked the court for mercy. He noted that, since his release from prison, he had been employed in "several jobs" and he had "tried to stay on the right path."

The district court then noted that the last time Sherwood was on supervised release, it had terminated his supervision early because it seemed like Sherwood was "going to do what [he] felt like doing, and it was a waste of everybody's time" to keep him on probation. So the court "turned [him] loose," but now Sherwood

was back before the district court for the same thing—guns and drugs. The district court noted that, "[s]o, I gave you a break last time, and I will—I am man enough to say that was a horrible mistake. I missed it. But I will not miss it again. That I will not miss." The district court stated that the advisory guidelines range was 46 to 57 months' imprisonment. The district court then explained that after considering the § 3553(a) factors—particularly, "the need for the sentence to afford adequate deterrence, reflect the seriousness of the offense, promote respect for the law, and provide just punishment" and the "nature of [Sherwood's] prior arrests and convictions"—an upward variance was appropriate. Accordingly, the district court sentenced Sherwood to 72 months' imprisonment to be followed by three years supervised release.[2] Sherwood objected to the reasonableness of the sentence. This appeal followed.

## II.    Discussion

Sherwood argues that the district court erred by imposing a substantively unreasonable sentence and varied upward primarily because of its "regret" in terminating his prior term of supervised release early, which was an inappropriate consideration. He maintains that the applicable advisory guidelines range accounted

---

[2] Consistent with its statements at sentencing, the district court indicated in its statement of reasons that the upward variance was appropriate given the nature and circumstances of the offense, Sherwood's history and characteristics, including his "prior federal conviction" and "pattern of criminal conduct," and the need to reflect the seriousness of the offense, promote respect for the law, and provide adequate deterrence.

adequately for his criminal history and that a within-guidelines sentence is appropriate and supported by the § 3553(a) sentencing factors.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, asking whether the sentence is substantively reasonable in light of the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1), (6). When evaluating the history and characteristics of the defendant, a court may properly consider a defendant's previous offenses, even where those offenses are already part of the calculation of his guidelines range. *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008).

Importantly, the weight given to a particular § 3353(a) factor "is committed to the sound discretion of the district court," and it is not required to give "equal weight" to the § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015)

(quotation omitted).  "We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances."  *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *Rosales-Bruno*, 789 F.3d at 1256 (quotations omitted).  The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  *Id.*

No presumption of reasonableness or unreasonableness applies to a sentence that lies outside the advisory guidelines range. *Butler*, 39 F.4th at 1355.  "Upward variances are imposed based upon the § 3553(a) factors."  *Id.*  The district court may "impose an upward variance if it concludes that the [g]uidelines range was insufficient in light of a defendant's criminal history.  When doing so, [the] district court[] [is] afforded broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *Id.* at 1355–56 (quotations and internal citation omitted); *see also United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) ("Courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed, and [p]lacing substantial weight on a defendant's criminal record is entirely consistent with

§ 3553(a) because five of the factors it requires a court to consider are related to criminal history." (alteration in original) (quotations and internal citation omitted)).  "[A] district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications."  *Gall*, 552 U.S. at 46.

In reviewing the reasonableness of a sentence outside the guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Id.* at 51.  "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Id.* at 51.  Rather, we will "vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'"  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Here, the district court did not abuse its discretion in varying upward from the applicable guidelines range of 46 to 57 months' imprisonment and imposing a sentence of 72 months' imprisonment.  Contrary to Sherwood's argument, the district court did not impose an upward variance simply because it regretted terminating Sherwood's supervised release early in a

prior case. Rather, the district court explained that an upward variance was appropriate because of Sherwood's history and characteristics and his repeated recidivism (*i.e.*, the fact that Sherwood's instant offense was similar to his prior offenses, including the offense for which he had been on supervised release previously). "A court that weighs heavily a defendant's criminal history has acted within its discretion," and, when, as here, a defendant is a recidivist, "the court may correctly conclude that previous punishment for criminal conduct failed to deter him and that a harsher sentence is warranted." *Riley*, 995 F.3d at 1280. The district court also stated that it had considered the remaining § 3553(a) factors and that those factors supported the upward variance, particularly, "the need for the sentence to afford adequate deterrence, reflect the seriousness of the offense, promote respect for the law, and provide just punishment." "Under substantive reasonableness review, we have repeatedly affirmed sentences that included major upward variances from the guidelines for defendants with significant criminal histories that the sentencing courts weighed heavily." *Id.* at 1279 (collecting cases). Furthermore, "[w]e have affirmed a sentence in which recidivism was the single most important factor in the court's decision to vary upward, and we have recognized the Supreme Court has consistently affirmed the imposition of longer sentences, even for non-violent offenses, based on an offender's recidivism." *Id.* (quotations and internal citation omitted).

Although Sherwood argues that the guidelines range accounted adequately for his criminal history, the district court was

entitled to consider Sherwood's prior offenses even if they were already part of the guidelines calculation. *Williams*, 526 F.3d at 1324. While Sherwood quarrels with the weight the district court gave to the § 3553(a) factors and the way in which the court applied them to his case, it was within the district court's discretion to give more weight to one § 3553(a) factor—Sherwood's history and characteristics—than it gave to the others. *Rosales-Bruno*, 789 F.3d at 1254. Moreover, Sherwood's sentence is well-below the statutory maximum of 10 years' imprisonment, which is an indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is an indicator of reasonableness).

Accordingly, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (*en banc*) (quotation omitted). Consequently, we conclude that Sherwood's sentence is substantively reasonable, and we affirm the district court.

**AFFIRMED.**