[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12030

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEIVON MCBRIDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60095-RAR-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Keivon McBride, proceeding with counsel, challenges his below-guideline 480-months sentence for the production of child pornography, in violation of 18 U.S.C. § 2251(a), and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). In particular, he contends that the district court committed procedural error in imposing the sentence and that the sentence itself is substantively unreasonable. Because no reversible error has been shown, we affirm McBride's sentence.

**I**

McBride pleaded guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a), and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). The probation officer's Presentence Investigation Report (PSI) assigned McBride a total-offense level of 43[1] and a criminal-history category of I. Based on McBride's criminal-history category, total-offense level, and the applicable statutory-maximum sentence, McBride's guidelines term of imprisonment was 3,840 months. *See* U.S.S.G. § 5G1.2(b).

At the sentencing hearing, the district court accepted the PSI's calculation of the applicable guidelines range. After

---

[1] The PSI actually calculated McBride's offense level to be 51. But an offense level of "more than 43 is to be treated as an offense level of 43" because the sentencing table includes only offense levels up to 43. U.S.S.G. § 5A, cmt. 2.

considering the parties' arguments at sentencing, the totality of the circumstances, and the 18 U.S.C. § 3553(a) factors, the district court sentenced McBride to 480 months' imprisonment.

This Court must first ensure that the district court committed no significant procedural error, such as failing to calculate or improperly calculating the guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the court's sentencing decision is procedurally sound, this Court then considers the substantive reasonableness of the sentence. *Id.* We consider the substantive reasonableness of a sentence under a deferential abuse of discretion standard.[2] *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022). In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will affirm a sentence so long as the court's decision was "in the ballpark of permissible outcomes." *Id.* at 1355 (citation omitted). The defendant bears the burden of showing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

---

[2] The government contends that McBride's procedural-error argument should be reviewed only for plain error because McBride never expressly raised the specific objections he now makes on appeal. We need not decide this issue, however, because we conclude that McBride's argument fails under an abuse-of-discretion standard.

## II

McBride contends that the district court committed procedural error in imposing his sentence and that the sentence itself is substantively unreasonable.

## A

McBride first argues that the district court committed procedural error in imposing his sentence. A district court commits procedural error when it incorrectly calculates the guidelines range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain the chosen sentence. *Gonzalez*, 550 F.3d at 1323; *Gall*, 552 U.S. at 51. McBride contends, in particular, that the district court did not consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and failed to explain its chosen sentence.

McBride failed to demonstrate that the district court committed procedural error. The court explicitly stated that it considered the statements of all parties, the PSI, and the § 3553(a) factors. *See Gall*, 552 U.S. at 51; *Butler*, 39 F.4th at 1356 ("[A] district court's acknowledgement that it has considered the § 3553(a) factors and the parties' arguments is sufficient."); Tr. of Sentencing, Doc. 53 at 46. It also provided an adequate explanation for McBride's total sentence by discussing the relevant sentencing data it reviewed to avoid nationwide sentencing disparities, the unique nature and circumstances of his offenses, his lack of criminal history, the sexual abuse he endured, the need to promote respect for the law and general deterrence due to the seriousness of his offenses, and the need

to stop abuse of young women via social media. *See* Tr. of Sentencing, Doc. 53 at 36–45; *Gall*, 552 U.S. at 46–47, 50–51; *Butler*, 39 F.4th at 1356. Therefore, the court demonstrated that it properly weighed the relevant § 3553(a) factors. *See* § 3553(a); *Butler*, 39 F.4th at 1356.

**B**

McBride next challenges his sentence as substantively unreasonable. When reviewing a sentence for its substantive reasonableness, we consider the "totality of the circumstances," "including . . . whether the statutory factors in § 3553(a) support the sentence in question." *Gonzalez*, 550 F.3d at 1324. "The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012).

Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the purposes of § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). Additionally, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id*. We will not vacate a sentence on substantive-reasonableness grounds unless "we are left with the definite and firm conviction that the

district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Cabezas-Montano*, 949 F.3d 567, 611 (11th Cir. 2020) (citation omitted). The court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *Butler*, 39 F.4th at 1355. The court commits a clear error of judgment when it weighs the § 3553(a) factors unreasonably. *Id.* The weight given to each factor is committed to the sound discretion of the court, and the court may attach great weight to one factor over the others. *Id.*

McBride has failed to demonstrate that his sentence is substantively unreasonable. He argues that it was unreasonable because it was disproportionate to the seriousness of the circumstances of the offenses and the offender. But McBride's total sentence of 480 months' imprisonment was well below the guideline imprisonment range of 3,840 months' imprisonment, and thus within the ballpark of permissible outcomes. *See Butler*, 39 F.4th at 1355. The court provided an adequate explanation and properly considered and weighed the relevant § 3553(a) factors, including the nature and circumstances of McBride's offenses, his history and characteristics, the need to promote respect for the law, the need for deterrence, and the need to avoid nationwide sentencing disparities. *See* § 3553(a); *Butler*, 39 F.4th at 1354–57; *Gall*, 552 U.S. at

22-12030               Opinion of the Court                    7

46–47, 50–51.  Therefore, the district court did not abuse its discretion by imposing McBride's sentence.

**AFFIRMED.**