[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13081

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES M. WILLIAMSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00096-MCR-1

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Court Judges

PER CURIAM:

James Williamson appeals his sentence of 360 months' imprisonment for production of child pornography, arguing that the district court erred in applying a 5-level enhancement under U.S.S.G. § 4B1.5 for engaging in a pattern of activity involving prohibited sexual conduct because the commentary stating the enhancement applies to production of child pornography violated the statute authorizing the U.S. Sentencing Commission to promulgate the guideline.

We review *de novo* the interpretation and application of the Sentencing Guidelines. *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020).

We will not address a disputed guideline determination on appeal when a sentencing court explicitly states that the guideline determination was immaterial to the ultimate sentence imposed because it would have imposed the same sentence under its § 3553(a) authority so long as the sentence was reasonable. *United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006). When the sentencing court makes such a statement, we will reduce the guideline range in accordance with the defendant's arguments and analyze whether the sentence would be substantively reasonable under that alternative guideline range. *Id.* at 1349-50.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). We examine whether a sentence is substantively reasonable considering the totality of the circumstances. *Gall*, 552 U.S. at 51. The factors due consideration under the statute include the nature and circumstances of the offense, the history and characteristics of the defendant, the offense's seriousness, promoting respect for the law, just punishment, adequate deterrence, protecting the public, the guideline range, and the need to avoid unwarranted sentencing disparities among similar offenders. 18 U.S.C. § 3553(a). However, the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *Rosales-Bruno*, 789 F.3d at 1254.

The sentencing court also has wide discretion to conclude that the § 3553(a) factors justify a variance. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 141 S. Ct. 1648 (2021). A major variance must be supported by more significant reasoning than a minor one, but the court need not discuss each factor in its justification. *Gall*, 552 U.S. at 50. Conduct that did not yield a conviction can serve as the basis of an upward variance if it relates to sentencing factors such as the history and characteristics of the defendant, respect for the law, adequate deterrence, and protection of the public. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

Additionally, the court can rely on factors previously considered in imposing an enhancement. *Rodriguez*, 628 F.3d at 1264 (holding that varying upward from the guideline range to account for multiple victims was not procedurally unreasonable, even when an enhancement was applied on the same grounds).

Here, it is unnecessary for us to address Williamson's argument that the district court erred in applying the 5-level enhancement under § 4B1.5(b) because the district court explicitly stated that it would have imposed the same 360-month imprisonment sentence even without the enhancement. If the court had not applied the 5-level enhancement under § 4B1.5(b), then Williamson's offense level would have been 35 and, with his criminal history category of III, his guideline range would have been 210 to 262 months. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

Williamson has failed to show that his 360-month sentence would be substantively unreasonable under this alternative guideline range when considering the record and the § 3553(a) factors. *See Rosales-Bruno*, 789 F.3d at 1256. Despite Williamson's claim that the court erred by failing to consider the significant mitigating factors of his traumatic childhood and mental illness, the court did take into account Williamson's mitigation arguments in acknowledging that Williamson had endured trauma and was subject to "terrible" and "tragic" abuse as a child but concluded that "there's just nothing that excuses" his offenses and "you just can't find mitigation on these facts and under these circumstances." *See Gall*, 552 U.S. at 51; *Rosales-Bruno*, 789 F.3d at 1254. Furthermore, the court

opted to run his federal sentence concurrently to his state sentence for the same conduct, potentially in recognition of his mitigation arguments, even though it stated that a consecutive sentence likely would not have been overturned given the seriousness of his offense and his long history of sexually abusing young girls.

While Williamson claims the court did not adequately justify what would have been a substantial upward variance, the court stated on the record that it had considered the § 3553(a) factors and explained, in detail, its rationale in sentencing Williamson. *See Rodriguez*, 628 F.3d at 1264; *Gall*, 552 U.S. at 50. In particular, the district court assessed Williamson's personal characteristics, emphasizing that Williamson had engaged in a pattern of abusing children "[s]ince at least 2003," and the character of Williamson's offense, underscoring that he engaged directly in the sexual abuse that was depicted in the photos and videos in addition to producing the images and therefore merited a longer sentence than many others convicted of the same charge. *See* 18 U.S.C. § 3553(a). On these grounds alone, the court stated that Williamson's 30-year sentence would not have been substantively unreasonable even if imposed to run consecutively to his state sentence "given the egregious nature of the conduct and how long this has been going on and been a part of your life." To the extent that Williamson takes issue with the court focusing on his prior child sex abuse offenses, which are reflected in his criminal history score as part of the guideline calculations, the court is not barred from taking his conviction and non-conviction criminal history into account as part of the § 3553(a) factors as well, especially because Williamson's specific history of

child abuse was distinct from, and arguably more relevant than, his general criminal history score. *See Butler*, 39 F.4th at 1355; *Rodriguez*, 628 F.3d at 1264; 18 U.S.C. § 3553(a). The court also concluded that fairness and "respect for the law" demanded a 30-year sentence, with at least 15 years served in federal prison in addition to Williamson's state sentence, because Williamson's state sentence did not account for his production of child pornography charge and Congress required a 15-year minimum sentence for that offense. 18 U.S.C. § 3553(a).

Thus, the court considered the serious nature and circumstances of Williamson's offense as both a physical abuser and a pornographer, his criminal history of sexually abusing children, the need to punish him for his serious conduct beyond the minimum sentence given to less culpable offenders, and respect for the law by imposing the minimum sentence for his federal charge in addition to time served concurrently to his separate state charge, considering these factors more significant than his mitigating circumstances. Even though 98 months would be a substantial upward variance from the guideline range that would have applied without the § 4B1.5(b) enhancement, the court provided a significantly compelling justification for it in terms of the egregious offense conduct and Williamson's history of sexual misconduct with minors.

Because the sentence is reasonable under the alternative range that would have applied without the enhancement, any error by the district court in applying the enhancement was harmless. *See Keene*, 470 F.3d at 1348-50.

22-13081              Opinion of the Court                    7

**AFFIRMED.**