[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-14117

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MUHUMMAND WASHINGTON,
a.k.a. Mahammed Washington,
a.k.a. Muhammed Ali Washington,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 5:21-cr-00021-TKW-MJF-1

_____

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Muhummand Washington appeals his 300-month sentence for one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). He specifically challenges the district court's decision to classify him as a career offender under U.S.S.G. § 4B1.1 for purposes of sentencing. In response, the government cites *United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006), and argues, in part, that it is unnecessary for us resolve his career offender status because: (i) the district court reasoned that Washington's sentence would have been the same under § 3553(a) irrespective of how it ruled on Washington's objections to the Sentencing Guideline calculations; and (ii) his 300-month sentence is substantively reasonable. After careful review, we agree with the government and therefore affirm Washington's sentence.

Generally, we review the district court's determination that a defendant qualifies as a career offender under the Guidelines de novo. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). But precedent dictates "we need not review [a sentencing] issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable." *United States v. Goldman*, 953 F.3d 1213,

1221 (11th Cir. 2020) (citing *Keene*, 470 F.3d at 1349).  Here, the district court explicitly maintained both at the sentencing hearing and in its statement of reasons that it would have imposed the same sentence notwithstanding Washington's career offender objections.  We therefore turn to the substantive reasonableness of the sentence.

In determining whether a sentence is reasonable, we assume that the alleged Guideline calculation error occurred, adjust the Guideline range accordingly, and ask whether the sentence imposed is reasonable under the 18 U.S.C. § 3553(a) factors.  *Keene*, 470 F.3d at 1349.  It is the defendant's burden to prove the unreasonableness of his sentence in light of the record and § 3553(a).  *Id.* at 1350.  A sentence must be "sufficient, but not greater than necessary, to comply with the purposes" listed in the statute, including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from the defendant's future criminal conduct, and supply effective correctional treatment.  18 U.S.C. § 3553(a)(2).  Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need to avoid unwarranted sentence disparities among similarly situated defendants, among others.  *See id.* § 3553(a)(1), (3)–(7).

The weight due to each § 3553(a) factor lies within the district court's sound discretion, and we will not substitute our judgment for that of the district court.  *United States v. Joseph*, 978 F.3d

1251, 1266 (11th Cir. 2020).  A district court abuses its discretion only when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Nevertheless, a district court may reasonably "attach great weight to a single factor."  *United States v. Grushko*, 50 F.4th 1, 19 (11th Cir. 2022).

When departing from a Guideline range, "a sentencing court may impose an upward variance based upon unchanged conduct . . . [or] if it concludes that the Guidelines range was insufficient in light of a defendant's criminal history."  *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (internal citations omitted).  However, "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications."  *Gall v. United States*, 552 U.S. 38, 46 (2007).

We examine whether a sentence is substantively reasonable under the totality of the circumstances.  *Id.* at 51.  We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Irey*, 612 F.3d at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

22-14117                  Opinion of the Court                        5

Here, it is unnecessary to resolve the alleged Guideline issue because we cannot conclude that the district court committed clear error.  Under *Keene*, we assume that a miscalculation occurred and adjust the Guideline range, which results in a term of 120-months' imprisonment.[1]  The record reveals that the district court considered the relevant Guidelines and balanced them within its sound discretion.  *See Irey*, 612 F.3d at 1189–91.  The district court explained that the 300-month sentence was appropriate based upon pertinent § 3553(a) factors, with a particular emphasis upon Washington's extensive criminal history, the seriousness of the current offense, and reengagement in drug trafficking shortly after his recent release from federal custody.  Specifically, the court emphasized the "nature and circumstances of this offense are extremely serious," involving three kilograms of cocaine and $354,000 in cash.  It further highlighted concerns surrounding deterrence and future criminal conduct, given Washington's extensive operation within a year and a few months of his last federal release.  Its concerns were punctuated by two prior federal drug trafficking sentences— totaling 285 months—with "essentially the same level of criminal activity despite the passage of time."  Finally, the court found a

---

[1] 21 U.S.C. § 841(b)(1)(B).  Without the career offender enhancement, Washington's guideline range would be 87 to 108 months.  However, the applicable statutory provisions provide a minimum term of 120 months and a maximum term of life imprisonment.  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).  Therefore the applicable mandatory minimum raises his guideline sentence to 120 months.  *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

higher proportion sentence was necessary because he was more culpable than the other defendants and he alone had two prior federal convictions. The court therefore held that Washington's age, upbringing, and substance abuse history failed to offset the crime's circumstances. Based upon this record, we are not left with the "definite and firm conviction" that the district court abused its discretion in its weighing and judgment of the § 3553(a) factors. Rather, due to Washington's criminal escalation and the present offense's magnitude, the sentence appears to fall within the "range of reasonable sentences dictated by the facts of [his] case." *Irey*, 612 F.3d at 1190 (quoting *Pugh*, 515 F.3d at 1191).

This conclusion holds true even in the context of a substantial upward variance. The district court emphasized Washington's "unchanged conduct" across his criminal history, and explained his conclusion that he is "unquestionably a 'career offender' in the colloquial sense." He had previously served two ten-year convictions for federal drug offenses, each with increasing volumes of cocaine. And shortly following each sentence, Washington violated supervised release with various drug-related offenses that led to two additional 21–24 month sentences. Thus, the present federal sentence for a considerably greater cocaine operation strongly suggests that a significant—rather than third, 120-month—sentence was "sufficient, but no greater than necessary" to reflect the purposes of § 3553(a). Moreover, our precedent has repeatedly affirmed sentences as substantively reasonable that include major upward variances for defendants with significant and recidivist criminal histories. *See, e.g.*, *Grushko*, 50 F.4th at 18–21 (affirming 145-

month sentence as substantively reasonable despite Guidelines range of 75–87 months); *United States v. Overstreet*, 713 F.3d 627, 636–40 (11th Cir. 2013) (affirming 420-month sentence where Guidelines range was 180–210 months); *United States v. Shaw*, 560 F.3d 1230, 1237–41 (11th Cir. 2009) (affirming 120-month sentence although Guidelines range was 30–37 months); *United States v. Turner*, 474 F.3d 1265, 1280–81 (11th Cir. 2007) (affirming 240-month sentence when Guidelines range was 51–63 months).

Ultimately, because we cannot find that the district court abused its discretion in sentencing Washington, any alleged error regarding the career offender enhancement is harmless. *See Keene*, 470 F.3d at 1349–50. We therefore affirm.

**AFFIRMED.**