[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13788

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEANDRO PULIDO-PANTOJA,
a.k.a. Guero,
a.k.a. Guera,
a.k.a. Wera,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00254-LMM-RGV-2

_____

Before ROSENBAUM, ABUDU, AND ANDERSON, Circuit Judges.

PER CURIAM:

Leandro Pulido-Pantoja appeals his sentence of 192 months imprisonment for conspiracy with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine, which is a downward variance from the guideline range of 235 to 293 months.  Pulido-Pantoja argues that his sentence is procedurally unreasonable because the district court improperly applied a 2-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance.  Pulido-Pantoja also argues that his sentence is substantively unreasonable because the district court created a sentencing disparity between him and his codefendants.

## I.

We review a district court's legal conclusions about the Sentencing Guidelines *de novo* and factual findings for clear error. *United States v. Taylor*, 818 F.3d 671, 673-74 (11th Cir. 2016) (quotation marks omitted).

We will not address a disputed guideline determination on appeal when a sentencing court explicitly states that the guideline determination was immaterial to the ultimate sentence imposed

because it would have imposed the same sentence under its 18 U.S.C. § 3553(a) authority. *United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006). When a district court makes such a statement, we will reduce the guideline range per the defendant's arguments and analyze whether the sentence would be substantively reasonable under that alternative guideline range. *Id.* at 1349-50.

At the sentencing hearing, the government specifically asked whether the court would have given the same sentence without the premise enhancement. The court responded: "I significantly went below the guidelines in terms of my variance, so if the guidelines had been slightly lower, I still believe this is a reasonable sentence for the reasons I stated." *See Keene*, 470 F.3d at 1348-49. Because the district court looked "at the sentence that makes the most sense for all these different factors," this Court will analyze and reduce the guideline range according to Pulido-Pantoja's arguments and assess the substantive reasonableness of the total sentence. *Keene*, 470 F.3d at 1349-50.

## II.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper

factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Although the district court must avoid unwarranted sentencing disparities, a sentencing disparity is not "unwarranted" when the defendants are not similarly situated. *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). Additionally, a district court need not give all § 3553(a) factors equal weight and has discretion to attach great weight to one factor over another. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). A district court's acknowledgment that it considered the factors and heard the parties' arguments is sufficient. *United States v. Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024). The court need not explicitly address each § 3553(a) factor. *Id.*

Here, the district court did not abuse its discretion because it imposed a substantively reasonable total sentence. The court supported its sentence with extensive reasoning and referenced multiple § 3553(a) factors. The court explicitly listed some factors it considered, including the nature and circumstances of the offense, the defendant's history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public and provide training, care, or treatment, the kinds of sentences available, the kinds of sentences in range established for the offense in the guidelines, all pertinent policies, and the need to avoid sentence disparities. *See* § 3553(a).

The district court demonstrated that it properly considered the relevant § 3553(a) factors and weighed them reasonably when sentencing Pulido-Pantoja. *Butler*, 39 F.4th at 1355. Although the court acknowledged its difficulty reconciling the positive and negative factors, stating Pulido-Pantoja's involvement was limited, it also reasonably recognized that the number of drugs involved was large and that it justified "a very significant sentence." Considering the § 3553(a) factors, particularly the nature of the offense, the 192-month sentence was proportional to the over 1,000 kilograms of methamphetamine that Pulido-Pantoja was responsible for converting. *See* § 3553(a). The court also acknowledged Pulido-Pantoja's limited criminal history but appropriately considered the fact that he had been deported and returned to the United States to traffic drugs.

Additionally, although Pulido-Pantoja's sentence is greater than his co-conspirators who pled guilty, he was not similarly situated to them, and the district court did not create an unwarranted sentencing disparity. *Azmat*, 805 F.3d at 1048. Several of his co-conspirators pled guilty by negotiated written plea agreements, cooperated with the government, and testified at co-defendant, and leader of the conspiracy, Adolfo Federico Mendoza's trial. *Abovyan*, 988 F.3d at 1311. Pulido-Pantoja is not similarly situated because he did not have a negotiated plea agreement, he was last to plead guilty, and he did not help convict any of the other co-conspirators. *Id.* at 1311.

Even if Pulido-Pantoja were similarly situated, the district court did not abuse its discretion by giving him a longer sentence because the weight given to each § 3553(a) factor is left to the court's discretion. *See Butler*, 39 F.4th at 1355. The district court explicitly considered the sentences it gave Jimenez and Mendoza-Martinez and the court said that it could only consider the information available to the court then and gave a reasonable sentence based on the record and each individual. *See* § 3553(a).

Furthermore, the 192-month sentence was below the guideline range the court calculated and was well below the statutory maximum noted in the PSI. *See Gonzalez*, 550 F.3d at 1324; *Croteau*, 819 F.3d at 1310. Even if the court improperly applied the premises enhancement, the 192-month sentence was within the adjusted guideline range of 188 to 235 months and still well below the statutory maximum noted in the PSI. *See Gonzalez*, 550 F.3d at 1324; *Croteau*, 819 F.3d at 1310.

Because the district court said it would have applied the same sentence even if it had resolved the guideline dispute in Pulido-Pantoja's favor, and the sentence is substantively reasonable under the alternative guideline range, any error by the district court in applying the Guidelines was harmless. *See Keene*, 470 F.3d at 1348-50.

**AFFIRMED**