[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12200

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHEA P. JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00075-MCR-1

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Shea P. Jones appeals the 96-month sentence imposed after he pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The sentence includes a nine-month upward variance from the high end of his advisory Guidelines range. Jones argues that the District Court abused its discretion in varying upward and that his sentence is substantively unreasonable under 18 U.S.C. § 3553(a). We disagree.

## I.

On April 28, 2022, an arrest warrant was issued by a state court for Shea Jones. State law enforcement conducted an operation to arrest Jones and surveilled him at a residence. During the surveillance, officers observed him recording a live video on social media showing himself with what looked like an AR-15 style firearm. Later that day, law enforcement arrested him and searched a vehicle linked to him. They recovered three firearms. Jones later pleaded guilty to being a felon in possession of a firearm.

At sentencing, the District Court calculated a Guidelines range of 70 to 87 months based on an offense level of 21 and a criminal history category of V. The District Court then imposed a 96-month sentence, citing the seriousness of Jones's conduct, extensive criminal history with firearms, repeated violations of prior supervision, mental health and substance abuse history, and the need to protect the public. The Court expressly considered the § 3553(a)

factors and found that a sentence above the Guidelines range was warranted.

## II.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to [consider] relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (citation and internal quotation marks omitted). The weight given to each factor is committed to a district court's sound discretion. *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015) (citation omitted).

A district court may "impose an upward variance if it concludes that the Guidelines range was insufficient in light of a defendant's criminal history." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). It may also rely on conduct already factored into the Guidelines if the overall context supports a higher sentence. *United States v. Oudomsine*, 57 F.4th 1262, 1268 (11th Cir. 2023). Even so, the justification must be sufficiently compelling to support the degree of the variance. *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc).

Here, the District Court did not abuse its discretion. It considered Jones's young age but emphasized the escalation and dangerousness of his conduct, particularly his repeated firearm-related offenses and his failure to comply with previous forms of supervision. The Court also weighed mitigating factors, including Jones's mental health and substance abuse history, but concluded that the need to deter future conduct and protect the public justified a variance.[1] The resulting 96-month sentence, well below the 120-month statutory maximum, falls within the range of reasonable outcomes dictated by the facts. *Cf. United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

### III.

Because the District Court considered the relevant § 3553(a) factors, explained its rationale, and did not clearly err in its judgment, we find no abuse of discretion. Jones's sentence is substantively reasonable.

**AFFIRMED.**

---

[1] The District Court was explicit that its "concern was no question the need to protect the public. No one, you know, should be – should be riding around in a vehicle with these types of firearms, but least of all someone like you, Mr. Jones, with your age, your mental health history, your substance abuse history, and your criminal history, that is frightening."