**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12115

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KEENAN DEVRON HUNTER,

*Defendant-Appellant.*

————————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cr-00043-BJD-PDB-1

————————————————

————————————————

No. 25-12116

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KEENAN DEVRON HUNTER,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:16-cr-00180-BJD-LLL-1

_____

Before LAGOA, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

In these consolidated cases, Keenan Hunter appeals his sentence of eight months' imprisonment followed by two years of supervised release. He argues that the District Court (1) committed plain error, that affected his substantial rights, by impermissibly considering retribution as a factor when revoking his supervised release and imposing a new sentence and (2) abused its discretion by imposing a substantively unreasonable sentence. We affirm.

**I.**

In 2017, Keenan Hunter pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] He was ultimately sentenced to sixty months' imprisonment followed by three years of supervised release. Toward the end of his prison sentence, he was moved to a

---

[1] Case No. 3:16-cr-180

residential reentry center. Two months before his release, he left the center without authorization after refusing to provide a urine sample for a drug test. He was indicted for escape and pled guilty to one count of escape from custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a).[2] He was sentenced to twenty-seven months' imprisonment followed by three years of supervised release. Later, while on release, Hunter tested positive three times for marijuana and once for cocaine. In a joint revocation hearing for the firearm and the escape case, Hunter admitted to violating his supervised release in both cases based on the drug tests. The District Court determined that, for both cases, the Guidelines range was 8 to 14 months' imprisonment, there was a statutory maximum penalty of two years imprisonment, and there was a statutory maximum term of three years of supervised release after release from prison.

In the revocation hearing, the Court stated, among other things, (1) that it was concerned that past penalties "still did not drive home the importance of following the rules that we all share, the laws that govern our collective existence and . . . the orders of this Court"; (2) that Hunter's "history of compliance with rules" had been "less than sterling"; and (3) that Hunter's problem was his "history of not following the rules that we share and the rules of this court that are designed to assist [him]."

Other statements by the Court included (1) "[t]he criminal justice system is designed to punish"; (2) "[i]f you continue doing

---

[2] Case No. 3:21-cr-43

the things that have resulted in you being punished, you're going to continue to be punished"; (3) "I'm trying to send a signal to you that things are going to continue to get worse if you don't change your ways"; and (4) "the system is designed to continue to send a message. If you're not following the rules that we all share, there are going to be consequences."

The Court ultimately sentenced Hunter to eight months' imprisonment followed by two years of supervised release in both cases, to be served concurrently, and it stated that it imposed the sentence after considering "the factors set forth in Title 18, United States Code, Sections 3553(a)(1) through (7)." Hunter timely appeals.

## II.

We review sentencing errors raised for the first time on appeal for plain error. *United States v. Steiger*, 107 F.4th 1315, 1320 (11th Cir. 2024). Under plain-error review, "the district court's order . . . will be affirmed unless it is clear or obvious that the district court actually relied on § 3553(a)(2)(A) . . . either expressly or by unmistakable implication." *Esteras v. United States*, 145 S. Ct. 2031, 2045 (2025) (citation and internal quotation marks omitted).

When a defendant violates conditions of supervised release, the district court has authority to revoke the term of supervised release and impose a term of imprisonment after considering many, but not all, factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3); *United States v. Gomez*, 955 F.3d 1250, 1257–58 (11th Cir. 2020). The factors permissible for consideration include,

among others, "the nature and circumstances of the offense" and the "history and characteristics of the defendant." 18 U.S.C. §§ 3583(e)(3), 3553(a)(1). They also include "the need for the sentence imposed" to deter criminal conduct; protect the public; and provide the defendant necessary training, care, and treatment. 18 U.S.C. §§ 3583(e)(3), 3553(a)(2)(B)-(D). But, though § 3583(e) allows for consideration of most of the § 3553(a) factors, it specifically carves out § 3553(a)(2)(A), the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. §§ 3583(e)(3), 3553(a)(2)(A). In other words, the "court cannot consider the nature and circumstances of the offense as relevant to [retribution]," but the court can consider "the nature and circumstances of the offense as relevant for . . . deterrence, incapacitation, and rehabilitation." *Esteras*, 145 S. Ct. at 2043.

Here, the District Court repeatedly expressed that its concern was with Hunter's consistent failure to comply with rules and orders of the Court and that it intended to send a message to deter that behavior. While it used the word "punishment," it was referring to Hunter's violations of release and the criminal justice system generally, not to Hunter's underlying offenses or the purpose for the sentence it was imposing. Though the Court stated that it considered "the factors set forth in Title 18, United States Code, Sections 3553(a)(1) through (7)," it made no specific references to 3553(a)(2)(A) or the need to reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the underlying offenses. Throughout the hearing, the Court made

clear that its concerns were not rooted in punishing the underlying offenses but were instead rooted in Hunter's history of violating rules and deterring that behavior, which were valid considerations.

Thus, it is neither "clear [nor] obvious that the district court actually relied on § 3553(a)(2)(A)," whether "expressly or by unmistakable implication," in revoking Hunter's supervised release and deciding his sentence. *Id.* at 2045 (citation and internal quotation marks omitted). There was no plain error.

## III.

We review the substantive reasonableness of a sentence imposed upon revocation of supervised release for abuse of discretion. *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). This is a deferential standard that considers the totality of the circumstances. *Id.* A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it "(1) fails to afford consideration to relevant § 3553(a) factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1338 (alterations adopted). We give due deference to the district court's consideration and weighing of the relevant sentencing factors, *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022), and reverse the sentence imposed only if we are left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the factors. *United States v. Moore*, 22 F.4th 1258, 1269 (11th Cir. 2022).

Though a district court commits such clear error "when it weighs the § 3553(a) sentencing factors unreasonably," *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022), it does not have to give all the factors equal weight, and it is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Further, "[t]he district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (citation internal quotation marks omitted). "Instead, an acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* (alterations adopted) (citation and internal quotation marks omitted).

The District Court here correctly considered and weighed the relevant factors and did not abuse its discretion in imposing its sentence. The Court discussed Hunter's history of crime and not following rules. It also acknowledged Hunter's drug addiction, the presence of his family and friends, and a letter of support filed with the Court on his behalf. It then weighed everything together and arrived at a sentence of eight months' imprisonment followed by two years of supervised release. This sentence is not unreasonable simply because the Court gave less weight than Hunter wanted to the mitigating evidence he presented. Indeed, "[t]he decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *Rosales-Bruno*, 789 F.3d at 1254 (citation and internal quotation marks omitted). The fact that the sentence falls well below the maximum penalty

available further supports its reasonableness. *See United States v. Gomez*, 955 F.3d 1250, 1260 (11th Cir. 2020). The District Court did not abuse its discretion, and it imposed a substantively reasonable sentence.

## IV.

The District Court did not commit plain error in revoking Hunter's supervised release and imposing a new sentence, and it did not abuse its discretion in the sentence it imposed. We affirm.

**AFFIRMED.**