**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10722

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSE CARRILLO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00222-VMC-TGW-1

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and KIDD, Circuit Judges.

PER CURIAM:

Jose Carrillo appeals his sentence of imprisonment for conspiracy to participate in a dogfighting venture and for being a felon

in possession of a firearm. 18 U.S.C. §§ 49(a), 371, 922(g)(1), 924(a)(8). He contends that his prison sentence of 84 months is substantively unreasonable. We affirm.

## I. BACKGROUND

From 2017 until 2023, Carrillo operated a dogfighting ring from his residence. Wiretap evidence recorded a call where Carrillo's son boasted of his father's "15-fight winning streak" and solicited a third party to host a fight at Carrillo's home. Another wiretap recorded Carrillo evaluating his dogs' tactical performance, disparaging an injured dog for losing a fight, and complaining that she "fucking gave up" and "started acting like a straight piece of shit."

When officers arrested Carrillo, they searched his residence, which he shared with his girlfriend and ten-year-old daughter. They discovered 11 scarred dogs confined to outdoor kennels and sitting in their own feces. One dog was pregnant. The officers discovered a blood-stained dogfighting ring and various dogfighting paraphernalia, including skin staplers, veterinary medical supplies, break sticks, and a noose with a dog collar hanging from a tree. They discovered 15 pounds of marijuana, a loaded firearm, and ammunition for another firearm. Carrillo's daughter reported that she witnessed the dogfights, and Carrillo admitted to purchasing drugs in her presence. He also tested positive for methamphetamine.

Carrillo pleaded guilty to conspiracy to participate in a dogfighting venture, 7 U.S.C. §§ 2156(a)(1), (b); 18 U.S.C. §§ 49(a), 371, and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1),

924(a)(8). His presentence investigation report separated the convictions into two groups with offense levels of 16 and 14, respectively. Relying on the higher offense level, the report added two levels for grouping, United States Sentencing Guidelines Manual § 3D1.4 (Nov. 2023), and subtracted three levels for acceptance of the responsibility, *id.* § 3E1.1(a), (b), for a total offense level of 15, *id.* ch. 5, pt. A. Despite a prior three-year prison sentence for a heroin sale that resulted in a fatal overdose, Carrillo received zero criminal history points and a criminal history category of I because the conviction was too old to be scored. With an offense level of 15 and a criminal history category of 1, the report calculated a guideline sentence range of 18 to 24 months of imprisonment, well below the statutory maximums of 60 months of imprisonment for the conspiracy conviction, 18 U.S.C. § 49(a), and 180 months for the felon-in-possession conviction, *id.* § 924(a)(8).

At sentencing, the district court adopted the report and heard Carrillo's arguments regarding his mitigating evidence of substance abuse and limited education, as well as a proposed sentencing comparator. Decrying the "viciousness" of the offense, the district court described the venture as "pure and simple torture" and expressed nausea at "man's inhumanity." It stated that it had considered the statutory sentencing factors but determined that the sentencing guideline range failed to account for the extreme cruelty of the case. It considered the presence of drugs and a loaded firearm, the exposure of Carrillo's ten-year-old daughter to dogfights and drug transactions, and that Carrillo had served only three years in prison for a heroin sale that resulted in a fatal overdose. It

also dismissed Carrillo's proposed comparator and distinguished Carrillo's conduct as "much more egregious" and exacerbated by his felon-in-possession conviction. The district court sentenced Carrillo to 84 months of imprisonment—the 60-month statutory maximum for the conspiracy, and a 60-month sentence for the felon-in-possession conviction with 24 of the months to be served consecutive to the sentence for the conspiracy—followed by three years of supervised release.

## II. STANDARD OF REVIEW

We review the reasonableness of a sentence for abuse of discretion. *United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023). A district court abuses its discretion when it "fails to afford consideration" to statutory sentencing factors that were "due significant weight," "gives significant weight to an improper or irrelevant factor," or "commits a clear error of judgment in considering the proper factors." *Id.* (citation and internal quotation marks omitted).

## III. DISCUSSION

The district court did not abuse its discretion by upwardly varying from the guideline range based on the "extreme cruelty" of Carrillo's multi-year dogfighting venture, which involved torturing animals, maintaining a blood-stained dogfighting venue, and housing dogs in squalid conditions. These facts, combined with Carrillo's drug use and history of fatal drug distribution, supported a sentence above the advisory guideline range to achieve adequate deterrence and reflect the seriousness of the offense. *See* 18 U.S.C. § 3553(a)(2); *United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir.

2025) ("A district court does not have to give all the [statutory sentencing] factors equal weight, and it has discretion to attach great weight to one factor over others." (citation and internal quotation marks omitted)). The district court stated that it considered the statutory sentencing factors, and it heard Carrillo's mitigating evidence of substance abuse and limited education before determining that the "viciousness" of the offense supported an upward variance. *See United States v. Butler*, 39 F.4th 1349 (11th Cir. 2022) ("A district court's failure to discuss mitigating evidence does not indicate that the [district] court erroneously ignored or failed to consider the evidence." (alteration adopted) (citation and internal quotation marks omitted)). It also did not abuse its discretion in determining that Carrillo is not similarly situated to his comparator based on the nature of the offense and Carrillo's additional firearm conviction. *See United States v. Docampo*, 573 F.3d 1091, 1101-02 (11th Cir. 2009) (explaining that defendants with different offenses or records are not similarly situated).

## IV. CONCLUSION

We **AFFIRM** Carrillo's sentence.