**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13252

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RAUL COLON-OCASIO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00041-TPB-KCD-1

_____

Before ABUDU, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Raul Colon-Ocasio appeals his statutory maximum sentence of 840 months' imprisonment, including supervised

release for life, based on his convictions for two counts of child pornography and one count of possession and access with intent to view child pornography. Colon-Ocasio argues that his sentence was substantively unreasonable because the district court placed too much emphasis and weight on the need to protect the public while not giving meaningful consideration to the mitigating factors he presented at sentencing. Having reviewed the record and read the parties' briefs, we affirm Colon-Ocasio's sentence.

## I.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record, the factors listed in § 3553(a), and the substantial deference afforded to sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

## II.

Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide

just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable Guidelines range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the need to provide restitution to any of the defendant's victims. *Id.*

Although the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). The court does not have to state explicitly on the record that it has considered all the factors or expressly discuss each factor. *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024). "Instead, an acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* (quotation marks omitted, alterations adopted). Furthermore, "it is within the district court's discretion to find that a factor the defendant argues to be mitigating is instead aggravating." *United States v. Boone*, 97 F.4th 1331, 1343 (11th Cir. 2024) (holding that the court acted within its discretion when it found the defendant's military service placed him in a position of trust and authority, making him more dangerous).

We ordinarily expect sentences within a defendant's guideline range to be reasonable. *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009). We have upheld as substantively reasonable lengthy sentences based on consecutive statutory maximums for cases involving sex crimes. *See, e.g., Boone*, 97 F.4th at 1338 (upholding as reasonable an 840-month sentence, based on consecutive statutory maximums, for sexually abusing a 4-year-old and producing child pornography of the abuse); *United States v. Isaac*, 987 F.3d 980, 983-84, 988, 996 (11th Cir. 2021) (upholding as reasonable a 960-month sentence, based on consecutive statutory maximums, for sexually abusing a 13-year-old victim, creating child pornography of the abuse, and possessing other child pornography); *Sarras*, 575 F.3d at 1196, 1209, 1221 (upholding as reasonable a 1,200-month sentence, based on consecutive statutory maximums, for persuading a minor child to engage in sexually explicit activity for the purpose of producing child pornography).

### III.

Colon-Ocasio argues that the district court abused its discretion by giving too much weight to the "protection of the public" factor while failing to weigh properly his mental health mitigating factors. Colon-Ocasio claims that the district court incorrectly converted his mitigating evidence into an aggravating factor. Based on our review of the record, we disagree.

The record demonstrates that the district court's 840-month sentence is substantively reasonable because the court considered

the § 3553(a) factors to adequately reflect the seriousness of the offense, to protect the public, and to provide adequate deterrence, and it did not commit a clear error in judgment in its assessment of the relevant factors. The district court properly balanced Colon-Ocasio's history as a sexual abuse victim, struggles with mental illness and drug abuse, and difficult childhood against the seriousness of his offenses and the tremendous danger he posed to the public because of his repeated predatory behavior toward young women aged 14 to 16. The district court considered the relationship between Colon-Ocasio's mental illness and his offenses, noting that the mental illness causes Colon-Ocasio to do things that harm other people.

Additionally, the district court imposed a within-the-guidelines range sentence. *See Sarras*, 575 F.3d at 1220 (we ordinarily expect a sentence within the guideline range to be reasonable). The PSI provided for an enhanced offense level because Colon-Ocasio's offenses were serious, and he was a repeat and dangerous sex offender who had victimized children under the age of 16. These enhancements did not account for additional aggravating factors such as his exploitation of his underage victims' desire for drugs, his months-long sexual relationship with one of his victims, and his solicitation of children to reach and attempt to exploit other children. Those factors and his repeated sexual abuse of children warrant his 840-month sentence. *See Boone*, 97 F.4th at 1338; *Butler*, 39 F.4th at 1351-54.

We conclude, based on the record, that the district court considered the proper sentencing factors and Colon-Ocasio's mitigating evidence in imposing a reasonable sentence. The district court has great discretion in weighing the sentencing factors, and it has broad discretion to find that a factor the defendant argues is mitigating is, instead, aggravating. *Boone*, 97 F.4th at 1343. The district court acted within its discretion when it concluded that Colon-Ocasio posed a greater threat to the public and required specific deterrence because he suffered a mental illness that caused him to hurt other people and prevented him from controlling his deviant sexual behavior. In sum, because the district court did not consider any improper sentencing factors, considered all relevant factors, and did not commit any clear error in judgment in its analysis of the factors, we conclude that it did not abuse its discretion in imposing the statutory maximum sentence, and Colon-Ocasio's sentence is substantively reasonable.

Accordingly, based on the aforementioned reasons, we affirm Colon-Ocasio's 840-month sentence.

**AFFIRMED.**