[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11532

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KELLY EVERETT,
a.k.a. Kelley Everett,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20518-KMM-1

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Kelly Everett appeals his 60-month sentence for bank robbery, in violation of 18 U.S.C. § 2113(a).  He argues that the district court imposed a substantively unreasonable sentence when it failed to consider that he was a young man caring for small children and an elderly grandmother, and that he committed an unarmed bank robbery out of desperation.

**I**

On October 18, 2022, around 3:00 p.m., Mr. Everett entered an FDIC-insured T.D. Bank in Miami, Florida, while holding a cardboard box with his mother's name on it. He approached a bank teller who was helping another customer and interrupted to hand the teller a note that read: "pay me 20,000 NOW Hurry I got a bomb." The teller placed $807 in the box, including bait bills, a GPS tracker, and mutilated money. Mr. Everett took the box and left the bank in his mother's car.

Law enforcement authorities followed the tracker into Broward County, where aerial surveillance observed a car make an abrupt lane change consistent with the tracker's movements. Officers in the area saw Mr. Everett stop at a gas station to fill up and then followed the car as he drove erratically, in movements matching those of the tracker, before immobilizing his car. While arresting Mr. Everett, officers observed a cardboard box in plain view,

and following a search of the car, found the cardboard box, currency, and the tracking device.

In November of 2022, a federal grand jury charged Mr. Everett with bank robbery, in violation of 18 U.S.C. § 2113(a). He pled not guilty and proceeded to trial. Following a one-day trial, he was found guilty.

At sentencing, both parties agreed that Mr. Everett's advisory guidelines range was 57 to 71 months, based on an offense level of 24 and a criminal history category of II (as Mr. Everett had previously served ten years for another robbery). The defense requested a sentence of 57 months, at the bottom of the guidelines range. At the hearing, Mr. Everett spoke about his two minor children and elderly grandmother; requested a sentence at the low end of the guidelines range; noted that he had no weapon during the robbery, nor committed any physical violence; and emphasized that it was "a hasty, just impulsive, horrible, poor decision." The government requested an upward variance to a sentence of 94 months and reiterated that Mr. Everett had been released from state custody for his previous robbery conviction less than two years prior, that he had not accepted responsibility, and that the car chase had endangered law enforcement.

The district court rejected the sentences proposed by the parties and sentenced Mr. Everett to 60 months' imprisonment. The court noted that the instant robbery varied from the previous one (no violence or weapon); that the lack of acceptance of responsibility had been accounted for in the guidelines range; that there

was a less than two-year gap between his release and the "sort of clumsily executed" recidivism; and finally that Mr. Everett—at his "relatively young" age of 31 years old—would have "an opportunity to turn his life around when he gets released." Lastly, the court noted it had considered the 18 U.S.C. § 3553(a) factors, the presentence report and advisory guidelines, and statements from the parties, before announcing Mr. Everett's 60-month sentence.

## II

We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the [18 U.S.C.] § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (citing *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009)).

Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public

from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2). The court must also consider, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the sentences available, the applicable Guidelines range, any pertinent policy statement issued by the Sentencing Commission, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *See* § 3553(a)(1), (3)-(6).

The weight given to each § 3553(a) factor "is committed to the sound discretion of the district court," and "a district court may attach great weight to one . . . factor over others." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). The district court may also give weight to a defendant's criminal record, as "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Rosales-Bruno*, 789 F.3d at 1263.

"A district court's failure to specifically mention certain mitigating factors does not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (internal citations omitted). Nor does failure to discuss mitigating evidence demonstrate that the court failed to consider such evidence. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Ultimately, "[t]he district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating

6                 Opinion of the Court                 23-11532

evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). "Rather, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).

Finally, we ordinarily expect a sentence within the guidelines range to be reasonable, and a "sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

### III

Here, the district court's sentence of 60 months—only three months above the low end of the guidelines range and the sentence requested by Mr. Everett—is substantively reasonable. Mr. Everett has not shown otherwise.

In arriving at the sentence, the court expressed concern that Mr. Everett, at 31, had committed a second robbery just two years after serving a ten-year sentence for the first. Consequently, the district court's emphasis on Mr. Everett's criminal history was "entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Rosales-Bruno*, 789 F.3d at 1263.

Beyond criminal history, the district court also emphasized Mr. Everett's "relatively young" age and "opportunity to turn his life around when he gets released." The court also noted how Mr. Everett's failure to accept responsibility was accounted for in the guidelines range. Likewise, the court's acknowledgement that the robbery was "sort of clumsily executed" addresses, at least in part,

Mr. Everett's argument that the robbery was "a hasty, just impulsive, horrible, poor decision."

Further, the district court was not required to address each mitigating factor specifically when imposing its sentence, and its failure to do so does not compel the conclusion that the sentence is substantively unreasonable. The court sufficiently stated that it considered both parties' arguments, the § 3553(a) factors, and the presentence report. *See Dorman*, 488 F.3d at 938.

Lastly, sentences within the guidelines range—as Mr. Everett's was—are expected to be reasonable. Moreover, because a "sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence," Mr. Everett's 60-month sentence in the face of a 20-year statutory maximum indicates reasonableness. *See Stanley*, 739 F.3d at 656. And we note in closing that the 60-month sentence was just three months longer than the 57-month sentence Mr. Everett requested.

## IV

We affirm the district court's 60-month sentence for Mr. Everett.

**AFFIRMED.**