[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13368

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE DAVID HERNANDEZ-GARCIA,
a.k.a. Jose David Hernandez Garcia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:24-cr-00129-TFM-B-1

_____

Before ROSENBAUM, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Jose David Hernandez-Garcia appeals his 12-month sentence following a conviction for illegal reentry after removal. He argues that the district court's focus on his prior conviction for driving under the influence ("DUI") and prior DUI arrests makes his above-guideline-sentence procedurally and substantively unreasonable. After careful consideration, we disagree and affirm.

## I.

Under a written plea agreement, Hernandez-Garcia pled guilty to a one-count indictment charging him with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a).

A presentence investigation report ("PSI") noted that Hernandez-Garcia had been arrested for driving under the influence in June 2024. As a result of that arrest, officers discovered Hernandez-Garcia was a citizen of Honduras who was not authorized to be in the United States, and who previously had been removed for unlawful entry into the United States in 2008 and 2020.

The PSI determined Hernandez-Garcia's base offense level was eight under U.S.S.G. § 2L1.2(a). It then reduced the offense level by two for acceptance of responsibility under U.S.S.G. § 3E1.1(a), resulting in a total offense level of six. As for criminal history, the PSI reported the DUI that Hernandez-Garcia had been convicted of in 2024, which led to the illegal-reentry charge here.

Hernandez-Garcia received one criminal-history point for the 2024 DUI, yielding a criminal history category of I. But the PSI also reported that Hernandez-Garcia had been arrested for a DUI in 2008 and had a DUI charge from 2020 pending in a state court.

The PSI noted that the statutory maximum term of imprisonment for Hernandez-Garcia's offense was two years. So with a total offense level of six and a criminal-history category of I, Hernandez-Garcia's guideline imprisonment range was zero to six months. Neither party objected to the PSI.

At the sentencing hearing, Hernandez-Garcia told the district court, among other things, that he struggled with alcoholism, but that alcohol-abuse treatment was unavailable in Honduras. He requested that the district court sentence him to time served. In his allocution, Hernandez-Garcia apologized for his actions. He said that he understood that he would not be permitted to return to the United States and that he had no intention of coming back, even though his children would remain here.

After hearing Hernandez-Garcia's allocution, the district court stated that "the bigger issue . . . is that [he] ha[d] been driving under the influence." The court said it had to look at Hernandez-Garcia's "total conduct" while he was in the United States, and based on the fact that he had been removed previously, guessed that he had told "some other judge" that they would not see him in the United States again. In the court's view, driving under the influence of alcohol was completely unacceptable, wholly avoidable, and put people and property at risk. So the court said that it refused to

4                    Opinion of the Court                    24-13368

turn a blind eye to the DUI conviction and would "take that into account in fashioning [the] sentence."

Despite the district court's statements about Hernandez-Garcia's prior presence in the United States and his earlier DUI-related arrests, the government recommended a four-level departure pursuant to U.S.S.G. § 5K3.1, like it did "in all fast-track cases." The government pointed out that Hernandez-Garcia had quickly accepted responsibility and that this was his first felony. The government also requested that Hernandez-Garcia be sentenced to time served.

The district court did not agree. Instead, it found Hernandez-Garcia's repeated DUIs to require a more severe sentence than the parties had requested. It said,

> Well, I appreciate the recommendation from you and counsel for the defendant, but at the same time, a rush to adjudication should not result in a miscarriage of justice because D.U.I. is one of the few crimes that the public has formed organizations to combat because the victimization of the public is tremendous. And while I believe Mr. Hernandez-Garcia never hurt anyone while he's been driving under the influence from what I can tell, I know that, when driving under the influence, poses a great risk to every motorist that he passes, every piece of property that he passes. . . .

So I appreciate your recommendations, but I have to fashion a sentence this is commensurate with his overall behavior.

Then the district court sentenced Hernandez-Garcia to 12 months' imprisonment and 1 year of supervised release. It explained, "I do not find the advisory guidelines range appropriate to the facts and circumstances of this case and would not provide a reasonable sentence. The sentence, as announced, addresses the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation." Hernandez-Garcia objected to the sentence as procedurally and substantively unreasonable.

He now appeals.

## II.

In reviewing a sentence's procedural reasonableness, we review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). When reviewing a sentence's substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard, no matter whether the sentence falls within or outside of the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## III.

As we've noted, Hernandez-Garcia challenges his sentence as unreasonable. To review a sentence's reasonableness, we first consider whether the district court committed a procedural error.

*Id.* If no procedural error occurred, we consider whether the sentence is substantively reasonable. *Id.* Here, we find neither procedural nor substantive unreasonableness.

We begin by considering whether the district court committed procedural error. "[S]ignificant procedural error[s]" include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*

We conclude that it did not. True, the district court did not say that it had considered all the § 3553(a) factors. But a review of the transcript reflects that it did consider all the factors. For instance, with respect to the nature and circumstances of the offense and the history and characteristics of the defendant, the court listened to defense counsel explain Hernandez-Garcia's background, his family circumstances, why he left Honduras, and what he does for a living. Counsel also explained that Hernandez-Garcia "has a problem with alcoholism." The court also heard Hernandez-Garcia directly discuss the DUI offense that led to his arrest on illegal-reentry charges and his commitment to his faith.

As for the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the need to protect the public, the court expressed concern that, when Hernandez-Garcia was found

illegally in the United States, his blood-alcohol level was .19, which the court described as "severely inebriated." The judge explained that even though the DUI charge was not before him, he had "to look at what [Hernandez-Garcia's] total conduct has been while . . . here." And the court expressed concern, based on Hernandez-Garcia's repeated DUIs over several years that "someone who is not supposed to be in this country would be on the roadways and putting [the public] in danger." The court characterized Hernandez-Garcia's conduct as "dangerous behavior" that "is beyond" simply "reenter[ing] without lawful authority." Indeed, the court said, Hernandez-Garcia's conduct while already unlawfully in the United States "pose[d] a great risk." So, the court said, it was "tak[ing] that into account in fashioning [the] sentence."

To address the "seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation," the court explained, it was necessary to sentence Hernandez-Garcia to twelve months' imprisonment. The court correctly calculated the guidelines range, considered the 3553(a) factors, and explained its sentence. We see no procedural error.

So we consider whether the sentence is substantively reasonable. *Id.* A district court abuses its discretion in imposing a sentence if it (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We vacate on substantive-

reasonableness grounds only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences as dictated by the facts of the case. *Id.* at 1190. The party challenging the sentence bears the burden of showing that the sentence is unreasonable considering the record, the factors listed in § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

As we've noted, the district court must consider several sentencing factors, including the nature of the offense and the defendant's characteristics and history; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to deter criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences available; the kinds of sentences and the sentencing range established in the Sentencing Guidelines for the applicable category of offense committed by the applicable category of defendant; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities between similarly situated defendants; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1) -(5).

But though the district court must consider all relevant § 3553(a) factors, "the weight given to each factor is committed to

the sound discretion of the court," and the district court may attach greater weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). For example, we have held that a district court does not abuse its discretion in considering, and assigning substantial weight to, a defendant's criminal history in its § 3553(a) analysis. *Rosales-Bruno*, 789 F.3d at 1262-63 ("Placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history.").

Sentences outside the guidelines range—like the one here—are not presumptively unreasonable, but major upward variances require more significant justifications than minor ones. *United States v. Grushko*, 50 F.4th 1, 20 (11th Cir. 2022). "That an upward variance sentence is well below the statutory maximum indicates that it is reasonable." *United States v. Riley*, 995 F.3d 1272, 1274, 1278 (11th Cir. 2021) (quotation marks omitted) (examining the reasonableness of a 70-month sentence when the guideline range was 12 to 18 months' imprisonment and the statutory maximum sentence was 10 years). The statutory maximum sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) is two years' imprisonment. 8 U.S.C. § 1326(a).

Hernandez-Garcia has not shown that his sentence was substantively unreasonable. The district court acted within its discretion to consider and assign significant weight to the DUIs as part of his criminal history, considered the other § 3553(a) factors, and considered the parties' arguments for mitigation. The sentence

here, though above the guidelines range, was significantly below the statutory maximum—specifically, it was half of the two-year statutory maximum.  And given that Hernandez-Garcia's illegal-reentry arrest resulted from a DUI, that his blood-alcohol level in that DUI was a sky-high .19, and that Hernandez-Garcia had engaged in such conduct previously while unlawfully in the United States, we cannot say that the district court abused its discretion in sentencing Hernandez-Garcia to a year's imprisonment.  We therefore affirm.

**AFFIRMED.**