**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10433

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RICHARD EUGENE MOORE, JR.,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cr-00117-RAH-SMD-1

————————————

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Richard Moore, Jr. appeals the substantive reasonableness of his above-Guidelines total sentence of 180 months' imprisonment for possession with intent to distribute marijuana, possession of a

firearm in furtherance of a drug-trafficking crime, and possession of a firearm by a convicted felon.  After careful consideration, we conclude that Moore's sentence was not substantively unreasonable.  We therefore affirm.

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).  The party challenging the sentence bears the burden of establishing that it is unreasonable.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The proper factors for the court to consider are set out in 18 U.S.C. § 3553(a).  They include, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline range, and the need for the sentence imposed to reflect the seriousness of the crime, promote respect for the law, provide just punishment and adequate deterrence, and protect the public.  18 U.S.C. § 3553(a).  The court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  *Id.* § 3553(a)(6).  "A well-founded claim of disparity . . . assumes that apples are being compared to apples."  *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009)

(quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)).

The district court does not have to give all the factors equal weight and is given discretion to attach "great weight" to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). But "a district court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). A court's failure to explicitly discuss mitigating evidence presented by the defendant does not render a sentence unreasonable where the court indicates it considered all the § 3553 factors. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (noting that the district court need not discuss *each* of the factors, as long as it acknowledges consideration of the § 3553(a) factors). Along with the § 3553(a) factors, the district court should consider the particularized facts of the case and the guideline range. *See Rosales-Bruno*, 789 F.3d at 1260.

The sentencing court also has wide discretion to conclude that the § 3553(a) factors justify a variance. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 593 U.S. 374 (2021). That said, when departing from the Guidelines, the sentencing court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. The court may impose an upward variance if it concludes that the guideline range was insufficient in light of the

defendant's criminal history. *See, e.g., United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). Conduct that did not yield a conviction can serve as the basis of an upward variance if it relates to sentencing factors such as the history and characteristics of the defendant, and the need to promote respect for the law, adequate deterrence, and protection of the public. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

In sum, the sentencing court enjoys wide latitude to tailor an appropriate sentence based on the § 3553(a) factors and the specifics of the case. And on appellate review, we will vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the [case's] facts." *Irey*, 612 F.3d at 1190 (quoting *Pugh*, 515 F.3d at 1191).

Here, Moore contends that his sentence was substantively unreasonable for a host of reasons. We find none persuasive.

First, Moore asserts that the district court relied almost exclusively on § 3553(a)(1), and in doing so failed to meaningfully consider any of the remaining § 3553(a) factors. We disagree. The court expressly stated that it considered "all of the sentencing factors found at 18 U.S.C. Section 3553" and concluded that "each one . . . applies and then some given the kind of conduct that we're dealing with." Sentencing Tr. 16, Dkt. No. 64. The court touched on some of these factors explicitly—it, for example, emphasized Moore's lack of respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A).

So, although the court devoted much of its analysis to § 3553(a)(1)—in particular, the nature and circumstances of Moore's offense and his criminal history—it didn't impermissibly ignore the other factors.

Next, Moore claims that the district court did not consider the extent of its deviation from the Guidelines. Again, we disagree. Based on Moore's total offense level of 19 and a criminal history category of V, the Guidelines imprisonment range was 57 to 71 months as to Counts 1 and 3 and 60 months consecutive as to Count 2. The court stated that this case was "the very rare circumstance" in which it would "vary up" from the Guidelines because they failed to "take into account sufficiently the nature of [Moore's] overall conduct." Sentencing Tr. 13. And it explicitly said that "[t]he question is how far I vary up." *Id*. After considering the "[G]uidelines, the presentence report, the submissions of the parties, the totality of the circumstances, the arguments of counsel," and the § 3553(a) factors, the court settled on a sentence of 180 months—a 49-month upward variance. *Id*. at 14–15. In light of this record, we conclude that the district court adequately considered the extent of its variance from the Guidelines.

Moore next claims that the court unreasonably applied § 3553(a)(1) by relying on arrests that did not result in convictions. It's true that the court considered Moore's extensive criminal history, including such arrests, but this wasn't erroneous. The court permissibly considered the conduct underlying Moore's past arrests—which involved domestic violence and shooting or

threatening to shoot a firearm—as further evidence that Moore posed a danger to others. *See Butler*, 39 F.4th at 1355.

Moore's next argument is that the district court erred by not considering that the Guidelines already accounted for all of his criminal conduct. According to Moore, the court ignored his two-level sentencing enhancement under § 3C1.2 for "recklessly creat[ing] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Not so. The court determined that the two-level enhancement did not "take into consideration that [Moore's] conduct actually caused harm"—one of the reasons why "the [G]uidelines do not account for the totality of [his] conduct." Sentencing Tr. 17.

Next, Moore contends that the district court gave inadequate weight to relevant mitigating circumstances: his acceptance of responsibility, the circumstances of his upbringing, and his trauma and untreated PTSD. But the court wasn't required to give the weight to Moore's mitigating factors that he requested because it expressly stated that it had considered all the § 3553(a) factors. *See Amedeo*, 487 F.3d at 833. So the court didn't abuse its discretion in discounting the mitigating factors, particularly when weighed against the numerous aggravating circumstances.

Finally, Moore relies on statistical evidence to assert (1) that his sentence is unnecessary to deter future criminal activity or protect the public, *see* 18 U.S.C. § 3553(a)(2)(B)–(C), and (2) that his sentence produces gross sentencing disparities, *see id.* § 3553(a)(6).

These arguments fail for two reasons.  First, Moore only cites generic statistics for defendants of his age, offense, and sentence length, which does not afford an apples-to-apples comparison or acknowledge that the district court must consider Moore's individualized circumstances.  *See Docampo*, 573 F.3d at 1101; *Rosales-Bruno*, 789 F.3d at 1260.  Second, even if Moore's statistical evidence were persuasive, the court was entitled to place more weight on other factors.  *Rosales-Bruno*, 789 F.3d at 1254.  For both reasons, Moore's statistical arguments are unavailing.

★   ★   ★

In sum, the district court did not abuse its discretion by imposing an above-Guidelines sentence because of the extreme danger of Moore's conduct and his extensive criminal history.  It acted well within its discretion when it determined that the guideline range failed to account for the severity and scope of his criminal behavior.  Moore's sentence was not substantively unreasonable.

**AFFIRMED.**