**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 24-13320

Non-Argument Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

OMAR LOACES GONZALEZ,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20139-CMA-1

---

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Omar Loaces Gonzalez appeals his sentence for wire fraud. He argues that the district court incorrectly applied the United

States Sentencing Guidelines and that his sentence was substantively unreasonable. After careful consideration, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Loaces pleaded guilty to one count of wire fraud under 18 U.S.C. section 1343 for defrauding the COVID-19-era Paycheck Protection Program and Economic Injury Disaster Loan Program. Following his plea, the probation officer prepared a presentence investigation report.

The report determined that Loaces had intended to steal $342,877, but had actually stolen only $210,832. Using the intended loss amount, the report applied a twelve-level enhancement to Loaces's offense level under guideline section 2B1.1. With a criminal history category of I—based on Loaces's prior convictions for grand theft of a motor vehicle, unlawful conveyance of fuel in a non-commercial vehicle, and operating a commercial vehicle without a valid commercial driver's license—his guideline range was twenty-one to twenty-seven months' imprisonment.

Although Loaces admitted that the loss amount was correct, he objected to the use of intended loss to determine his offense level, arguing that "loss" under section 2B1.1 meant actual loss, not intended loss. Using actual loss to determine the loss amount would have resulted in a guideline range of fifteen to twenty-one months. Loaces also argued that he should receive a downward variance because he had accepted responsibility, he was a positive influence on his family, and the district court could consider that the actual loss was lower than the intended loss even if it used

intended loss to determine his guideline range.  Loaces submitted letters and photographs from his family in support of his request.

At sentencing, the district court overruled Loaces's objection to the use of intended loss under section 2B1.1, concluding that his guideline range was twenty-one to twenty-seven months.  The government requested a high-end sentence of twenty-seven months.  Loaces again requested a downward variance.

After settling on the guideline range, the district court turned to the sentencing factors under 18 U.S.C. section 3553(a). Looking to Loaces's personal history and characteristics, the district court acknowledged that the letters and photographs submitted by family members showed Loaces to be "a good family man." But the court ultimately found that the section 3553(a) factors did not "support some sort of downward variance from the advisory guideline[] range."  Loaces had "c[o]me to this country young and healthy" and had "been given every opportunity in this country to make an honest living to provide for himself and his family."  The "nature and circumstances of the offense conduct" were "serious indeed," the district court explained, given the context of the COVID-19 pandemic and "the theft from our federal government of hundreds of thousands and millions of dollars of money" in the middle of a global pandemic—money that the government had "given out in good faith based on [its] assumption that applicants were filling out sworn applications truthfully . . . ."  The district court emphasized that the sentence needed to provide both specific deterrence for Loaces because "this is [neither] his first arrest" nor

"his first conviction," and general deterrence for "others who may look to [Loaces] as an example." The district court also expressed that Loaces's sentence needed to "promote respect for the law" while avoiding "unwarranted sentencing disparat[ies]."

Having considered the sentencing factors, the district court concluded that Loaces warranted an upward variance to thirty-one months' imprisonment. Loaces appeals the sentence.

## STANDARD OF REVIEW

We review de novo a district court's interpretation of the sentencing guidelines. *United States v. Kluge*, 147 F.4th 1291, 1296 (11th Cir. 2025). We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007).

## DISCUSSION

Loaces argues that (1) the district court erred by using intended loss instead of actual loss to calculate his guideline sentence under section 2B1.1, and (2) his above-the-guideline sentence was substantively unreasonable because "the district court did not provide sufficiently compelling justification for its decision to vary upward."[1]

---

[1] In a footnote in his reply brief, Loaces adds that he should be resentenced because of the "ineffective[] assistance of his trial counsel, the lack of access he was given to discovery and relevant transcripts, and general failure of suitable communication between Mr. Loaces and his wife, on the one hand, and trial counsel, on the other." Loaces clarifies, however, that he "raises this point

24-13320                Opinion of the Court                    5

His first argument is foreclosed by *United States v. Horn*, which we decided while this appeal was pending. *See* 129 F.4th 1275 (11th Cir. 2025). When Loaces was sentenced in 2023, section 2B1.1 did not define the term "loss" in the text of the sentencing guidelines. Instead, the commentary to section 2B1.1 elaborated that loss meant "the greater of actual loss or intended loss." *See* U.S.S.G. § 2B1.1(b)(1)(A) cmt. n.3(A) (2023). Then, in 2024, the United States Sentencing Commission approved amendment 827, which moved this definition from the commentary to the text. *See* U.S.S.G. § 2B1.1(b)(1)(A) (2024); U.S.S.G. App'x C Supp. Amend. 827.

In *Horn*, we considered whether the pre-2024 version of section 2B1.1 allowed courts to consider intended loss even though it was not referenced in the text of the guideline. *Horn*, 129 F.4th at 1296–1301. Applying the "traditional tools of statutory interpretation," we held that the pre-2024 section 2B1.1 "unambiguously tell[s] us" that courts must "apply the greater of actual loss or intended loss" in order to calculate a defendant's guideline range. *Id.* at 1300.

---

now simply for preservation purposes" and to "reserve[] his rights to seek collateral relief, under 28 U.S.C. § 2255 or otherwise, to pursue [such] claims." This makes sense since we generally do not consider ineffective assistance of counsel claims on direct appeal. *United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014) ("Generally, claims of ineffective assistance of counsel are not considered for the first time on direct appeal." (quoting *United States v. Tyndale,* 209 F.3d 1292, 1294 (11th Cir. 2000))). So, at Loaces's request, we will not address his claim here.

*Horn* controls this case. Loaces was sentenced under the pre-2024 version of section 2B1.1, which "already unambiguously sa[id] that loss is the greater of actual or intended loss . . . ." *Id.* at 1301. He intended to steal $132,045 more than he actually stole. The district court therefore did not err by calculating Loaces's guideline range using intended loss—the greater of the two losses.

Loaces's second argument also fails. To assess substantive reasonableness, we consider "the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in [section] 3553(a)." *United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020) (citing *Gall*, 552 U.S. at 51).

Under section 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary" to "comply with" the factors set out in section 3553(a)(2), including the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," deter criminal conduct, "protect the public from further crimes of the defendant," and rehabilitate the defendant. 18 U.S.C. § 3553(a)(2). The district court must also consider the "nature and circumstances of the offense," the "history and characteristics of the defendant," and the need to "avoid unwarranted sentence disparities." *Id.* §§ 3553(a)(1), (a)(6). The weight accorded to each factor "is committed to the sound discretion of the district court," *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022), and "[t]he district court is not required to discuss each factor individually if it acknowledges that it considered the defendant's arguments

and the [section] 3553(a) factors," *United States v. Grushko*, 50 F.4th 1, 18 (11th Cir. 2022); *see also United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006) ("[A] district court may determine, on a case-by-case basis, the weight to give the [g]uidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence.").

A district court abuses its discretion in imposing a sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citing *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). We will vacate the sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted). Although a "major variance requires a more significant justification than a minor one," we "do not presume that a sentence outside of the guideline range is unreasonable and give deference to the district court's decision that the [section] 3553(a) factors support its chosen sentence." *Grushko*, 50 F.4th at 20 (citations omitted). A sentence well below the statutory maximum is a further indicator of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The district court did not abuse its discretion when it imposed a thirty-one-month sentence above the guideline range. At sentencing, the district court considered the section 3553(a) factors, entertained Loaces's request for a downward variance, and credited his personal history and characteristics as a "good family man." Nevertheless, the district court explained that, considering the section 3553(a) factors together, the circumstances warranted an upward variance for four reasons: *first*, the nature and circumstances of the offense—defrauding trust-based loan programs during a global pandemic—were very serious; *second*, the sentence needed to deter Loaces, who had been convicted of several crimes in recent years, from committing further offenses; *third*, the sentence needed to deter others in the community at large, including those who look to Loaces as an example, from committing similar crimes; and *fourth*, the sentence needed to promote respect for the law.

The district court gave due weight to the relevant factors and due consideration to Loaces's arguments. Moreover, the thirty-one-month sentence imposed—a little over two-and-a-half years—was well below the twenty-year statutory maximum for wire fraud, further indicating reasonableness. *See Gonzalez*, 550 F.3d at 1324; 18 U.S.C. § 1343 (imposing twenty-year statutory maximum for wire fraud). Considering the totality of the circumstances, *Goldman*, 953 F.3d at 1221, we are left far from a "definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors . . . ." *Pugh*, 515 F.3d at 1191.

**AFFIRMED.**