**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12388

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LANCE H. REID,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:04-cr-00028-TKW-MJF-1

————————————

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Lance Reid appeals his 36-month sentence for violating the terms of his supervised release by possessing controlled substances and violating Florida law by driving without a license, and petit

theft.  Reid contends that his above-guidelines sentence is substantively unreasonable because the district court incorrectly found that he willfully failed to follow its instructions, and it failed to consider mitigating evidence.  For the reasons discussed below, we affirm.

## I.

In 2004, a federal grand jury returned an indictment charging Reid with possessing with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A)(viii).  On May 24, 2004, the government filed a notice of enhancement stating that Reid had previously been convicted of a controlled substance offense.

After a guilty plea, the district court sentenced Reid to 240 months' imprisonment followed by ten years of supervised release.  Reid was released from prison and began supervision on March 8, 2024.  On December 16, 2024, the United States Probation Office ("USPO") filed a violation of supervision report for positive drug tests (methamphetamine) and amended the report on January 17, 2025.  At a violation hearing conducted on February 25, 2025, the district court reinstated supervision with an additional requirement to successfully complete The Haven inpatient treatment program at Reid's own expense.

In April 2025, the USPO filed a second violation of supervision report asking the district court to revoke Reid's supervised release.  In that petition, the probation officer explained that Reid

tested positive for methamphetamine and marijuana at The Haven. The probation officer also explained that Reid was "unsuccessfully discharged" from The Haven and had been arrested for driving without a license and petit theft. The district court signed the petition and issued a warrant for Reid's arrest.

In July 2025, the district court held a hearing on Reid's violation of his supervised release. At the hearing, Reid admitted to each of the violations alleged and the district court accepted his admissions. Reid then addressed the district court. He explained that he ate a "weed gummy" and an "amphetamine pill" before he started rehab at The Haven because his insurance would not cover his treatment unless he tested positive for a drug, admitting that he should have shared this detail with the district court at the previous hearing. Reid also explained that he did not take any drugs after he entered rehab and progressed to the point where the facility let him drive. However, he was kicked out of rehab for failure to attend while he served 25 days in jail for driving without a license and stealing a car tag.

Before it imposed sentence, the district court expressed disappointment that Reid had not been honest with the court regarding his insurance's coverage requirements. The district court explained that it would likely not have authorized him to take drugs, and, even if it had let him take marijuana, it certainly would not have allowed him to take methamphetamine. The district court speculated that, at the previous hearing, it might have told Reid

that its leniency was not "a license to go out and have one last hurrah on [his] way" to the treatment facility. However, the district court recognized that Reid had struggled with his addiction for more than 20 years, but expressed frustration that Reid tested positive for narcotics each time he had a chance to receive treatment. The district court then stated that its leniency allowed Reid's "lack of respect for the rules" to fester, which aggravated his offense. Thus, given the nature and circumstances of Reid's offense, which included "breach[ing] the trust of the [c]ourt," the court sentenced Reid to 36 months' imprisonment, above the 21-to-27-month guideline range. After imposing sentence, the district court asked the government and Reid's counsel if there were any objections to the sentence or the manner in which it was imposed. Both parties confirmed they had no objections. The district court advised Reid of his right to appeal.

## II.

Appellate courts review all sentences for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the abuse of discretion standard, we will only vacate a sentence if we have a "definite and firm conviction" that the party challenging the sentence has demonstrated that the sentence is unreasonable. *United States v. Boone*, 97 F.4th 1331, 1338-39 (11th Cir. 2024). In challenging the reasonableness of a sentence, the defendant "has the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

### III.

Reid challenges the substantive reasonableness of his sentence. Specifically, he argues that the sentence was unreasonable because the district court (1) relied on a flawed premise incorrectly inferring that Reid took methamphetamine before entering the treatment facility to defy the court and (2) ignored mitigating evidence such as his lengthy incarceration, his voluntary entry into the impatient drug treatment program, his meaningful progress in that program, his period of sobriety between February 2025 and July 2025, and his 25-day jail sentence.

A sentence is substantively unreasonable when it is "greater than necessary to comply with" the sentencing factors that 18 U.S.C. § 3553(a) lists, including "the nature and circumstances of the offense" as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense," to deter criminal conduct, and to protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a). A district court can impose a substantively unreasonable sentence by (1) failing to consider a relevant factor due significant weight; (2) giving significant weight to an irrelevant factor; or (3) balancing the factors in a clearly unreasonable manner. *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022). A district court must consider the guideline range as the "initial benchmark," but it is "only one of a dozen or so factors that the court must take into account." *Gall*, 552 U.S. at 49; *United States*

*v. Rosales-Bruno*, 789 F.3d 1249, 1254, 1258 (11th Cir. 2015). A district court must also consider all the relevant § 3553(a) factors, but a district court may give more weight to some § 3553(a) factors than others. *Butler*, 39 F.4th at 1355. In particular, a district court may give weight to a defendant's criminal record because five of the § 3553(a) factors are related to a defendant's criminal history. *Rosales-Bruno*, 789 F.3d at 1263. A sentence containing a variance is substantively reasonable when the district court provides an explanation that is "compelling enough to support the degree of variance." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). We will not reweigh the § 3553(a) factors on appeal. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).

Here, we conclude that Reid has not met the burden to show that his sentence is substantively unreasonable. First, the district court reasonably inferred that Reid deliberately possessed drugs while on supervised release from his behavior because he tested positive for multiple substances, which aggravated the nature and circumstances of his offense. *See Butler*, 39 F.4th at 1355; *see also* § 3553(a). In addition, the district court's explanation for its nine-month variance, Reid's deliberate use of narcotics after failing to inform the court that he intended to take narcotics before beginning treatment for his addiction, justified the variance. *See Rosales-Bruno*, 789 F.3d at 1263. We thus conclude that the district court's variance is reasonable. *See Early*, 686 F.3d at 1221.

Second, Reid identifies no significant mitigating factor that the district court failed to consider. *See Butler*, 39 F.4th at 1355.

Contrary to Reid's argument, the district court did consider Reid's lengthy incarceration when it noted that he had been addicted to drugs during his twenty years in prison. Also, contrary to Reid's argument, he did not voluntarily enter treatment or progress meaningfully in that program because the district court ordered him to attend the treatment program, and he was discharged from that program because he violated the law.

## IV.

For the foregoing reasons, we affirm.

**AFFIRMED.**