**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-10663

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EVER LOPEZ-ZARATE,
   a.k.a. Ever Lopez,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00128-TPB-KCD-1

————————————

Before LUCK, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Ever Lopez-Zarate appeals his 24-month sentence for illegally reentering the United States. Lopez-Zarate argues that

the district court imposed a substantively unreasonable sentence by failing to consider the guideline range, placing too little weight on his mitigating evidence, and weighing his criminal history too heavily. Lopez-Zarate also argues that the district court did not articulate a sufficient justification for varying from the guideline range. Having reviewed the record and read the parties' briefs, we affirm Lopez-Zarate's sentence.

## I.

This court reviews the substantive reasonableness of a sentence under the deferential abuse of discretion standard. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254-55 (11th Cir. 2015). Under the abuse of discretion standard, we will only vacate a sentence if we have a "definite and firm conviction" that the party challenging the sentence has demonstrated that the sentence is unreasonable. *United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024).

## II.

A sentence is substantively unreasonable when it is greater than necessary to comply with the purposes of sentencing that § 3553(a) lists, including "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense," to deter criminal conduct, and to protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). A district court can also impose a substantively unreasonable sentence by failing to con-

sider relevant factors due significant weight or by balancing the factors in a clearly unreasonable manner. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

A district court must consider the guideline range as the "initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596 (2007), but it is "only one of a dozen or so factors that the court must take into account." *Rosales-Bruno*, 789 F.3d at 1258. A district court must also consider all the relevant § 3553(a) factors, but a district court may give more weight to some § 3553(a) factors than others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). Specifically, a district court may give weight to a defendant's criminal record because five of the § 3553(a) factors are related to a defendant's criminal history. *Rosales-Bruno*, 789 F.3d at 1263. In considering the § 3553(a) factors, a district court must take mitigating evidence into account, but a district court's acknowledgement that it considered the § 3553(a) factors and the parties' arguments is sufficient to demonstrate that the district court took mitigating evidence into account. *See Butler*, 39 F.4th at 1356. A sentence containing a variance is substantively reasonable when the district court provides an explanation that justifies the degree of the variance. *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012).

## III.

Lopez-Zarate argues that the district court abused its discretion in varying upward in his sentence from a range of 15-21 months to a sentence of 24 months' imprisonment. He bears the burden of showing that his sentence is "unreasonable in light of the

entire record, the §3553(a) factors, and the substantial deference afforded sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256. Lopez-Zarate contends that the district court did not adequately consider the guidelines range, that his case was a typical illegal reentry case that did not warrant a different sentence from other similarly situated defendants, that the district court placed too much weight on Lopez-Zarate's criminal history, and that the district court did not consider Lopez-Zarate's mitigating circumstances. The record belies these arguments.

We conclude that Lopez-Zarate has not shown than his 24-month sentence, well below the ten-year statutory maximum, is substantively unreasonable considering the entire record and the section 3553(a) factors. The record shows that Lopez-Zarate illegally reentered the United States notwithstanding his felony conviction for unlawful sexual activity with a minor and his prior deportation. The record demonstrates that the district court appropriately considered the guideline range, took Lopez-Zarate's mitigating evidence into account, and reasonably exercised its discretion to weigh Lopez-Zarate's criminal history. *See Gall*, 552 U.S. at 49, 128 S. Ct. at 596; *see also Rosales-Bruno*, 789 F.3d at 1263; *Butler*, 39 F.4th at 1356. Additionally, the seriousness of Lopez-Zarate's prior sex offense justified the district court's three-month upward variance. *See Early*, 686 F.3d at 1221. Thus, we conclude that the district court did not abuse its discretion. *See Gall*, 552 U.S. at 41; *see also Boone*, 97 F.4th at 1339.

25-10663              Opinion of the Court                    5

Accordingly, based on the aforementioned reasons, we affirm Lopez-Zarate's sentence.

**AFFIRMED.**